[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16513
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00559-CV-J-NE

KAYE F. LANGFORD,

Plaintiff-Appellant,

versus

UNUM LIFE INSURANCE COMPANY OF AMERICA,
TRW EMPLOYEE WELFARE BENEFIT PLAN TRUST,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Alabama

_____

(June 8, 2005)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Kaye F. Langford, proceeding pro se, appeals the district court's order granting summary judgment, in favor of the TRW Employee Welfare Benefit Plan Trust ("TRW Trust") and UNUM Life Insurance Company of America ("UNUM"), on her claims alleging improper denial of benefits under a long-term disability plan ("LTD Plan"), in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. On appeal, Langford argues that the district court erred by (1) finding that the TRW Trust had sufficient discretion, pursuant to the LTD Plan, to decide her claim so as to warrant application of the (more deferential) arbitrary and capricious standard of review, and (2) by denying her claim despite observing, prior to applying the arbitrary and capricious standard, that under a de novo standard, Langford would be entitled to continued benefits. After thorough review of the record, as well as careful consideration of the parties' briefs, we affirm.

When addressing the district court's grant of summary judgment, we review "the district court's ruling de novo, applying the same legal standards that governed the district court's disposition." Williams v. Bellsouth Telecomms., Inc., 373 F.3d 1132, 1134 (11th Cir. 2004). In our review, we must view "all facts and reasonable inferences drawn therefrom in the light most favorable to [ ] the non-moving party." Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000). Summary judgment is warranted if the evidence shows "that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

We have delineated the following approach for reviewing "virtually all" ERISA plan benefit denials:

> (1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5) If there is no conflict, then end the inquiry and affirm the decision.
>
> (6) If there is a conflict of interest, then apply heightened arbitrary and capricious review to the decision to affirm or deny it.

Williams, 373 F.3d at 1137-38 (emphasis in original) (footnotes omitted).

Here, the district court first found that the TRW Trust's decision to deny benefits was "de novo wrong." Under the de novo standard, we have described

3

"'[w]rong' [a]s the label used by our precedent to describe the conclusion a court reaches when, after reviewing the plan documents and disputed terms de novo, the court disagrees with the claims administrator's plan interpretation." HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 994 n.23 (11th Cir. 2001). The defendants relied primarily on the opinion of a doctor who was employed by UNUM but did not personally examine Langford. While the defendants were not obligated to accord special deference to the opinions of Langford's treating physicians, the district court found the defendants completely ignored several of those opinions. Cf. Black & Decker Disability Plan v. Nord, 538 U.S. 822, 825, 123 S. Ct. 1965, 1967, 155 L. Ed. 2d 1034 (2003) (holding that "plan administrators are not obliged to accord special deference to the opinions of treating physicians." ).

After concluding its de novo review of the defendants' decision, in accordance with the test laid out in Williams, the district court then considered whether the TRW Trust had discretion to decide her claim. See Williams, 373 F.3d at 1138. We have held that a defendant has discretion to decide a claim when "the benefit plan gives the [defendant] discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Cagle v. Bruner, 112 F.3d 1510, 1516 (11th Cir. 1997) (quotation omitted). The LTD plan provided that the TRW Trust "shall have the final authority to determine whether or not to pay any claims that UNUM recommends for

4

payment or denial and shall have the final authority to authorize payment of claims."

Thus, as the district court found, the TRW Trust had "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id.

On the third prong of the Williams test, the inquiry is "whether [the claimant] has proposed a sound interpretation of the plan to rival [the defendant's] interpretation." Lee v. Blue Cross/Blue Shield of Ala., 10 F.3d 1547, 1550 (11th Cir. 1994). However, "[e]ven if the court determines that the claimant's interpretation is reasonable, the claimant does not necessarily prevail. . . . The reason the claimant's reasonable interpretation does not trump the claims administrator's wrong interpretation is because the plan documents explicitly grant the claims administrator discretion to interpret the plan." HCA, 240 F.3d at 994 (footnote omitted). We also have noted that,

> [t]o find a claims administrator's interpretation arbitrary and capricious, the court must overcome the principle of trust law which states that a trustee's interpretation will not be disturbed if it is reasonable. Thus, the next step requires the court to determine whether the claims administrator's wrong interpretation is nonetheless reasonable. If the court determines that the claims administrator's wrong interpretation is reasonable, then this wrong but reasonable interpretation is entitled to deference even though the claimant's interpretation is also reasonable.

Id. (citation and footnote omitted).

In the instant case, the district court found the defendants' interpretation of the LTD Plan was reasonable in light of the medical documents in the record and a UNUM doctor's conclusions. Although the UNUM doctor's conclusions differed from the opinions of some of Langford's treating physicians, the defendants were not obligated to accord special deference to the opinions of Langford's treating physicians. See Black & Decker, 538 U.S. at 825, 123 S. Ct. at 1967. Thus, although the TRW Trust's decision was "de novo wrong," reasonable grounds existed for its decision, under the second and third prongs of Williams.[1] Contrary to Langford's arguments on appeal, it was not error for the district court to proceed with its analysis beyond the de novo standard required by the first prong of Williams, nor was it reversible error for the court to conclude that, on this record, the defendants reasonably discontinued payment of benefits under the LTD Plan.

**AFFIRMED.**

---

[1] Langford did not argue in the district court, and she does not claim here, that the defendants had a conflict of interest or that their actions were motivated by self-interest. Thus, even viewing the facts in a light most favorable to Langford, summary judgment is proper because she did not present any "genuine issue as to any material fact" and the defendants are "entitled to a judgment as a matter of law." See Johnson, 234 F.3d at 507 (11th Cir. 2000); Fed. R. Civ. P. 56(c). Moreover, Langford abandoned any possible claims regarding the defendants' conflict of interest by failing to raise these arguments in her brief on appeal. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (1989).